## THOMAS GORDON *vs.* MARGARET GORDON.

Bristol.    October 26, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Judgment,* Petition to vacate.    *Real Action.*

At the hearing of a petition to vacate a judgment which was entered in a writ of entry against the petitioner and others, tenants therein, in favor of the respondent, the demandant therein, except for the interest of one S., who also was a tenant in the suit, it appeared that there was evidence tending to show that the petitioner and all the other tenants excepting S. had executed and delivered to the respondent, the demandant in the writ of entry, a deed of all their interest in the demanded premises, that such deed vested in the respondent a three fourths undivided interest in the premises and left in S. a one fourth undivided interest, and that the petitioner was defaulted in the writ of entry. The judge, before whom the petition to vacate the judgment was heard, dismissed it, and the petitioner excepted. *Held,* that the exception must be overruled since the judge might have found that the petitioner had no interest in the real estate or in the subject matter of the action.

PETITION to vacate a judgment entered in a writ of entry, as stated in the opinion. The petition was filed in the Superior Court for the county of Bristol August 22, 1907.

There was a hearing before *Bell,* J., without a jury. The facts are stated in the opinion. At the close of the evidence, the petitioner requested the judge to rule that "the judgment is void in law," but he refused to do so and ordered that the petition be dismissed "as a matter of discretion." The petitioner alleged exceptions.

The case was submitted on briefs.

*C. P. Ryan,* for the petitioner.

*W. E. Fuller & W. C. Gray,* for the respondent.

RUGG, J. This is a petition to vacate a judgment entered in favor of the respondent in a writ of entry sued out by her against the petitioner and others as tenants. It alleged that the petitioner, one Rachael Shea and two others had disseised the demandant of real estate therein described. All the tenants, save Rachael Shea, were defaulted. She pleaded *nul disseisin,* and specified that she owned one undivided quarter interest, subject to the demandant's unassigned dower. The petitioner

was duly served with process and testified at the trial. After a verdict by the jury judgment was entered for the tenant Shea and on the same day it was ordered "that Margaret Gordon recover against Mary Carey, Thomas Gordon and Isabella Allsop all her right, title and interest with costs of suit."

The exceptions do not purport to report all the evidence, but it appears that there was testimony tending to show that at the trial of the writ of entry it was uncontroverted that a quitclaim deed of the real estate in question to the demandant had been drafted many years before and signed by the four persons named as tenants; that the evidence was conflicting as to whether the deed had been delivered; that Mrs. Shea testified that her signature had been cancelled or erased before the deed was delivered and that the petitioner testified that he signed the deed and wanted the demandant who was his mother to have the property. The only question arises on the petitioner's exceptions to the refusal of the judge of the Superior Court to rule that the judgment in the writ of entry was void.

For aught that appears in this record, the judge may have found that the petitioner with the other tenants named in the writ of entry, except Rachael Shea, had executed and delivered to the respondent a deed of all their interest in the demanded premises, and that this deed vested in her the fee to three undivided fourth parts of the demanded premises and that there was in Rachael Shea the fee of one undivided fourth part. This may perhaps be inferred from the evidence reported. If this was found to be so, then the petitioner had no interest in the subject matter and his petition was properly dismissed. His exceptions do not show that in fact he had any interest in the real estate. Therefore it does not appear that he has suffered any harm by the ruling to which he excepted.

*Exceptions overruled.*